UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SEVERN L. HERRINGTON, F/K/A, LORI L. HERRINGTON, | No. 2:15-CV-00141-JTR |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 17, 23. Attorney Joseph M. Linehan represents Severn L. Harrington (Plaintiff); Special Assistant United States Attorney Jennifer A. Kenney represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on November 8, 2010, alleging disability since September 1, 2004, due to depression, social anxiety, identity confusion, multiple personality disorder, arthritis in the knees, irritable bowel syndrome, memory loss, obesity, high cholesterol, and anger

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

management.  Tr. 139-147, 157, 168.   The application was denied initially and upon reconsideration.  Tr. 103-106, 109-111.  Administrative Law Judge (ALJ) Lori L. Freund held a hearing on August 26, 2013, and heard testimony from Plaintiff and vocational expert K. Diane Kramer.  Tr. 36-81.  Plaintiff was represented by counsel.  *Id*.  The ALJ issued an unfavorable decision on October 22, 2013.  Tr. 20-31.  The Appeals Council denied review on April 14, 2015.  Tr. 1-6.  The ALJ's October 22, 2013, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on May 29, 2015.  ECF No. 1, 4.

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 20 years old when she applied for SSI.  Tr. 139.  Plaintiff completed the twelfth grade without special education courses.  Tr. 158.  She has never worked.  Tr. 151-154.

At the hearing, Plaintiff testified that she experiences pain in her left foot if anything touches her last two toes, difficulty sitting down for long periods of time, nervousness or anxiety in crowds, knee pain, allergies, difficulty getting out of bed, difficulty with her memory, abdominal cramping after eating, and exercise induced asthma.  Tr. 49, 52-55, 61-63, 65, 69, 75.  She further testified that she hears voices and on average she stays in her room all day.  Tr. 68, 70-71.  Plaintiff further testified that she would prefer to be a male, but that due to her health, she could not proceed with any transitional procedures.  Tr. 71.

### STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo,

deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d

1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is

not supported by substantial evidence or if it is based on legal error.  *Tackett v.*

*Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as

being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put

another way, substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402

U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational

interpretation, the court may not substitute its judgment for that of the ALJ.

*Tackett*, 180 F.3d at 1097.  Nevertheless, a decision supported by substantial

evidence will be set aside if the proper legal standards were not applied in

weighing the evidence and making the decision.  *Brawner v. Secretary of Health*

*and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence

supports the administrative findings, or if conflicting evidence supports a finding

of either disability or non-disability, the ALJ's determination is conclusive.

*Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process

for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *see Bowen*

*v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of

proof rests upon the claimant to establish a *prima facie* case of entitlement to

disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a

claimant establishes that physical or mental impairments prevent her from

engaging in her previous occupations.  20 C.F.R. § 416.920(a)(4).  If a claimant

cannot do her past relevant work, the ALJ proceeds to step five, and the burden

shifts to the Commissioner to show that (1) the claimant can make an adjustment to

other work, and (2) specific jobs exist in the national economy which the claimant

can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 22, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 8, 2010, the date of application. Tr. 22.

At step two, the ALJ determined Plaintiff had the following severe impairments: dysthymic disorder; somatoform disorder; gender identity disorder; social anxiety; and personality disorder. Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 23.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of work at all exertional levels with the following nonexertional limitations:

> [S]he would be limited to simple, routine, and repetitive tasks; she would work best away from the general public but could have occasional interaction with co-workers that did not involve tandem tasks; she would require a low-stress work environment; she could not perform at a production-rate pace but could complete work during a regular shift; she should only be required to perform occasional decision-making; and she could tolerate no more than occasional changes in the workplace.

Tr. 25-26. The ALJ concluded that Plaintiff had no past relevant work. Tr. 29.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were jobs that exist in significant numbers in the

ORDER GRANTING DEFENDANT'S MOTION . . . - 4

national economy Plaintiff could perform, including the jobs of Laundry Worker, Dishwasher, Advertising Material Distributor, and Laboratory Sample Carrier. Tr. 30. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date of application, November 8, 2010, through the date of the ALJ's decision, October 22, 2013. Tr. 30.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to accord proper weight to the opinions of Dennis Pollack, Ph.D., Kayleen Islam-Zwart, Ph.D, and Rita Zorrozua, LICSW, and (2) failing to properly consider Plaintiff's testimony about the severity of her symptoms.

## DISCUSSION

**A.    Medical Opinions**

Plaintiff argues that the ALJ failed to properly consider and weigh the medical opinions od Dennis Pollack, Ph.D., Kayleen Islam-Zwart, Ph.D, and Rita Zorrozua, LICSW. ECF No. 17 at 11-13.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id*.

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons.

*Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the treating physician. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Lester*, 81 F.2d at 830. When an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the examining physician. *Id.* at 830-831.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

### 1.    Dennis Pollack, Ph.D.

On December 5, 2011, Dr. Pollack completed a consultative examination, which included the administration of a Mental Status Examination, a Trails Making Test, and a Wechsler Memory Scale-III. Tr. 333-338. Dr. Pollack diagnosed Plaintiff with gender identity disorder, somatoform disorder and personality disorder. Tr. 337-338. Additionally, he provided a rule out diagnosis of depressive disorder and anxiety disorder. Tr. 338. Dr. Pollack provided the following statement:

> Ms. Herrington has many medical complaints which affect her. Seemingly, more important is the sexual identify [sic] issue. She would like to have a sex change as she sees herself as a male rather than female. However, because of her high cholesterol her physician

recommends against making changes in her hormones. She is depressed about her situation. She feels trapped by her body. She has fallen into a pattern which she avoids socializing and spends most her day playing video games and sleeping. She is preoccupied with physical complaints. She suffers from depression and anxiety, the extent of which needs to be clarified.

Tr. 337. The ALJ found that "Dr. Pollack did not provide an assessment of the claimant's residual functional capacity, but the [ALJ] assigns his diagnoses significant weight as he evaluated the claimant in person and his conclusions appear to be based on his objective findings." Tr. 27.

Plaintiff fails to assert any error as to the ALJ's treatment of Dr. Pollack's examination report. ECF No. 17 at 11-12. The court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in a claimant's opening brief. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A).[1] We require contentions to be accompanied by reasons.

---

[1] Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003).

Moreover, the Ninth Circuit has repeatedly admonished that the court will not

"manufacture arguments for an appellant" and therefore will not consider claims

that were not actually argued in appellant's opening brief. *Greenwood v. Fed.*

*Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to

provide adequate briefing, the court declines to consider the issue.

### 2.    Kayleen Islam-Zwart, Ph.D

On May 11, 2012, Dr. Islam-Zwart completed a Psychological/Psychiatric

Evaluation form for the Washington State Department of Social and Health

Services. Tr. 575-582. Dr. Islam-Zwart diagnosed Plaintiff with major depressive

disorder, anxiety disorder, gender identity disorder, and personality disorder. Tr.

575, 582. Dr. Islam-Zwart provided the following opinion:

> Although she did not seem to be clearly malingering, there were
> indications of trying to magnify the extent of her difficulties. Despite
> her conclusion that she cannot work, it seems probable that Ms.
> Herrington could work in the future with access to intervention and
> appropriate motivation. She indicates use of medication with some
> recent improvements and should continue to take medication as
> directed. She would likely benefits [sic] from therapy, especially to
> address her gender identity problems. … Once she has achieved better
> control over her symptoms, vocational counseling and job skills
> training should be pursued. She might be encouraged to pursue
> volunteer activities in the meantime to give her some work experience.

Tr. 582. The ALJ gave "great weight" to Dr. Islam-Zwart's opinion. Tr. 28.

Plaintiff argues that Dr. Islam-Zwart's opinion precluded work; therefore, the ALJ

errored by not finding Plaintiff disabled based on the opinion. ECF No. 17 at 12.

Dr. Islam-Zwart's opinion does not constitute an opinion as to Plaintiff's

residual functional capacity. Dr. Islam-Zwart did not identify any work functions

or limitations Plaintiff may have with specific work functions. Instead, the ALJ

identified that it was Plaintiff's perception that she could not work and that

Plaintiff would be able to work with treatment.  Therefore, the ALJ did not error in her treatment of Dr. Islam-Zwart's examination report.

### 3.    Rita Zorrozua, LICSW

Ms. Zorrozua treated Plaintiff since April 17, 2004.  Tr. 332.  On August 1, 2011, she wrote a letter stating the Plaintiff "is very isolated and is avoidant of public situations due to her anxiety.  She is further restricted due to her social limitations of presenting as a young man vs. the female person that she is."  *Id*.  Ms. Zorrozua wrote a second letter on August 28, 2013, in which she stated the following:

> Politically and socially she has negative thoughts related to the economy and the workforce.  Though she did appy [sic] for a couple jobs the fact that she was not called in for interviews also supports her negative thinking about external systems as well as her perception that she is not employable.
>
> I have urged her to find out about the resources available through Dept. of Voc Rehab but she continues to find reasons why their services are not going to meet her needs.  Her negativity as well as her avoidance prohibit her from engaging in the community at large.

Tr. 568.  Ms. Zorrozua concluded by stating that "[a]t this time I do not believe she is able to present herself in a positive light regarding a job interview even [if] she were invited to do so."  Tr. 567.

Ms. Zorrozua provided a third letter on September 19, 2013, in which she identified Plaintiff's diagnosis as social phobia with depression and stated that "Ms. Herrington is not able to work outside the home, hardly leaves the home," and that "[t]he incapacity makes Ms. Herrington incapable of attempting to find work due to the intensity and nature of her social phobia.  The actual process of applying for a position, dealing with co workers and public situations as well as getting to and from a job are overwhelming to Ms. Herrington."  Tr. 635.  This third letter was not reviewed by the ALJ prior to penning her decision, but it was

viewed by the Appeals Council and associated with the record as part of Exhibit
15F.  Tr. 4, 35.

The ALJ noted that Ms. Zorrozua's first two letters did not include an
opinion that Plaintiff's impairments precluded her from work, and she gave Ms.
Zorrozua's first two letters little weight because there were no counseling records
in the file and the letters "appear to be based solely on what the claimant reported,
and her allegations are considered less than credible."  Tr. 29.

Unlike Dr. Pollack and Dr. Islam-Zwart, Ms. Zorrozua is not an acceptable
medical source; instead, she is considered an "other source."  *See* 20 C.F.R. §
416.913(d).  Generally, the ALJ should give more weight to the opinion of an
acceptable medial source than to the opinion of an "other source," such as a
therapist.  20 C.F.R. § 416.913(d).  An ALJ is required, however, to consider
evidence from "other sources," 20 C.F.R. § 416.913(d); S.S.R. 06-03p, "as to how
an impairment affects a claimant's ability to work," *Sprague*, 812 F.2d at 1232.
An ALJ must give reasons that are germane to each "other source" to discount
their opinions.  *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Plaintiff asserts that the ALJ's finding that Ms. Zorrozua did not opine that
Plaintiff's impairments precluded her from work in the first two letters was
inconsistent with Ms. Zorrozua's statement that Plaintiff would not be able to
present herself in a positive light at a job interview.  ECF No. 17 at 13.  The
standard in disability cases is not the capacity to be hired for work, but the capacity
to perform work.  *Walker v. Mathews*, 546 F.2d 814, 818-819 (9th Cir. 1976).  Ms.
Zorrozua did not provide an opinion as to Plaintiff's capacity to perform work in
the first two letters.  Therefore, the ALJ did not error in her treatment of Ms.
Zorrozua's first two letters.

As for Ms. Zorrozua's third letter, which included a work preclusive
opinion, Plaintiff failed to address the Commissioner's treatment of the third
opinion by the Appeals Council.  Because Plaintiff failed to address this issue in

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

her briefing, it will not be considered by the Court.  *See Carmickle*, 533 F.3d at 1161 n.2.

**B.    Credibility**

Plaintiff contests the ALJ's adverse credibility determination in this case. ECF No. 17 at 13-15.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of her symptoms.  Tr. 27.  The ALJ reasoned that Plaintiff was less than credible because (1) the objective medical evidence did not fully support the level of limitation claimed, (2) Plaintiff had an apparent lack of motivation, (3) Plaintiff attempted to magnify her symptoms, (4) Plaintiff attempted to find work during the relevant time period, and (5) Plaintiff's activities were inconsistent with the reported severity of her symptoms.  Tr. 27-28.

The ALJ's first reason for finding Plaintiff less than fully credible, that Plaintiff's symptoms are not supported by objective medical evidence, is not a specific, clear, and convincing reason to undermine Plaintiff's credibility.

Although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects."  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  In her decision, the ALJ noted that despite alleging disability since 2004, evidence of mental health impairments do not appear until

2011 and that her complaints from 2012 to 2013 were mostly physical in nature. Tr. 27-28. While there are not extensive records of mental health treatment in the record, it is obvious that Plaintiff was being treated by Ms. Zorrozua from 2004 and forward. Tr. 332, 568-569. Additionally, there was a psychological evaluation that took place in 2012, and Plaintiff received some counseling into 2012. Tr. 340-341, 575-582. Therefore, the ALJ's rationale for concluding that Plaintiff's self-reports were not supported by objective medical evidence is not supported by substantial evidence and is in error.

Plaintiff failed to challenge the remaining reasons the ALJ gave for finding her less than fully credible. ECF No. 17. Therefore, the Court will not consider these remaining issues. *See Carmickle*, 533 F.3d at 1161 n.2.

Any error resulting from the ALJ's conclusion that Plaintiff's self-reports were not supported by objective medical evidence is harmless. The ALJ provided additional reasons for finding Plaintiff less than fully credible and Plaintiff failed to challenge these reasons in her briefing. *See Carmickle*, 533 F.3d at 1163 (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson*, 359 F.3d at 1197 (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination"). Therefore, the ALJ's credibility determination is free of any harmful legal error.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 23**, is **GRANTED**.

ORDER GRANTING DEFENDANT'S MOTION . . . - 12

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED June 28, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 13